IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Civil Action No. 2:15CV106-WHA |
| MARCUS DUPREE HURRY, ANTHONY | ) | |
| G. MCMILLIAN, AND EDITH N. | ) | (wo) |
| MCMILLIAN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.     FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a Motion to Dismiss (Doc. #7), filed by Defendants Anthony G. McMillian and Edith N. McMillian ("Defendants").  These Defendants seek dismissal of the Complaint against them on the grounds of lack of in personam jurisdiction.  The Government has filed a response to the Motion to Dismiss, but, although they were given an opportunity to do so, the movants have not timely filed a reply in support of their Motion.

The Government filed a Complaint in this case pursuant to 28 U.S.C. §3001, *et seq.*, seeking to set aside fraudulent transfers.  The Government alleges that Marcus Dupree Hurry ("Hurry") was convicted in federal court and sentenced to a term of imprisonment of 84 months, and that the criminal judgment included a restitution order in the amount of $55,115.91.  The Government further alleges that Hurry had received a settlement of a civil action in the amount of $203,500.68, and that the settlement was deposited into an account at the Navy Federal Credit Union.  The Government alleges that Hurry made transfers from that account to Anthony McMillian and to Edith McMillian.  It is the Government's claim that the transfers were made to

defraud the United States as a creditor.

## II. STANDARD FOR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant. *Morris v. SSE, Inc.,* 843 F.2d 489, 492 (11th Cir. 1988) (citations omitted).   A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a directed verdict. *Morris*, 843 F.2d at 492. The court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony. *Id.* (citations omitted).   Moreover, where the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff. *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir.1988).

### III.   DISCUSSION

The Defendants have moved to dismiss the complaint for lack of personal jurisdiction. The Defendants state that they live in San Diego, California, and that the bank accounts identified in the Complaint are in Pensacola, Florida and San Diego, California.   They contend that the Complaint does not establish that they have sufficient minimum contacts with, or allege that they purposefully availed themselves of the privilege of conducting activities within, the State of Alabama.

The Government responds that for this Federal Debt Collection Procedure Act case, Congress has authorized nationwide service of process. 28 U.S.C. § 3004(b)(1)(A) (stating "any

writ, order, judgment, or other process, including a summons and complaint, filed under this chapter may be served in any State."). Therefore, the Government contends, the inquiry is not whether the Defendants lack sufficient minimum contacts with the State of Alabama as they have argued, but rather whether they have sufficient minimum contacts with the United States. The Government points to evidence of Anthony G. McMillian and Edith McMillian's contacts with the United States, including that they were served with process in California and that they state in their motion that they were in California at all pertinent times. It is the Government's position that any argument about the convenience of the forum has been waived.

To establish personal jurisdiction, the court must engage in a two-part inquiry: whether the applicable statute provides a basis for personal jurisdiction and whether the exercise of jurisdiction comports with due process. *Republic of Panama v. BCCI Holdings (Luxemborg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997). In this case, the FDCPA provides for nationwide service of process. 28 U.S.C. § 3004(b)(1)(A); *see also Reese Bros v. United States Postal Serv.*, 477 F. Supp. 2d 31, 37 (D.D.C. 2007); *United States v. Rogan*, No. 02-C-3310, 2008 WL 4853487 (N.D. Ill. Nov. 3, 2008). "When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction." *BCCI Holdings*, 119 F.3d at 942. Therefore, district courts have "nationwide personal jurisdiction over any defendant that has minimum contacts with the United States." *Kammona v. Onteco Corp.*, 587 F. App'x 575, 579-80 (11th Cir. 2014). The constitutional limits of the court's jurisdiction are fixed by the Due Process Clause of the Fifth Amendment, rather than the Fourteenth Amendment, and the applicable forum for a minimum contacts analysis is the United States. *See BCCI Holdings*, 119 F.3d at 946. A court must examine a defendant's aggregate contacts with the nation as a whole rather than his contacts with

the forum state. *Id.* at 946-47. While jurisdiction over a resident of the United States is not automatic, "[t]he burden is on the defendant to demonstrate that the assertion of jurisdiction in the forum will make litigation so gravely difficult and inconvenient that [he] unfairly is at a severe disadvantage in comparison to his opponent." *Id.* at 948 (quotations omitted).  The defendant must demonstrate "constitutionally significant inconvenience."  *Id.*  "It would be 'highly unusual' for inconvenience of forum to rise to a level of constitutional concern." *Kammona*, 587 F. App'x at 580 (quoting BCCK Holdings, 119 F.3d at 947).

The Government has established a prima facie case of jurisdiction over Anthony G. McMillian and Edith N. McMillian by pointing to evidence of their sufficient minimum contacts with the United States as a whole.   The Defendants have not met their burden of demonstrating that the assertion of jurisdiction in the forum will present a constitutionally significant inconvenience.   Accordingly, this court has personal jurisdiction over Anthony G. McMillian and Edith N. McMillian, and the Motion to Dismiss is due to be DENIED.

## IV.  CONCLUSION

For the reasons discussed, the Motion to Dismiss (Doc. #7) is ORDERED DENIED.

Done this 27th day of April, 2015.

        /s/ W. Harold Albritton
        W. HAROLD ALBRITTON
        SENIOR UNITED STATES DISTRICT JUDGE